| iTHIBODEAUX, Judge,
dissenting.
The majority bases its decision on the manifest error rule and what it claims are inconsistencies in the plaintiffs’ testimony. My reading of the record convinces me that the jury’s verdict is without substantial evi-dentiary support. A close reading of that record indicates that the testimonies of the plaintiffs are neither internally inconsistent nor implausible. Furthermore, there is substantial objective evidence which preponderates heavily in favor of the plaintiffs. The manifest error rule does not require us to affirm a trier of fact’s refusal to accept as credible uncontradicted testimony (which we have in this case) or objectively-corroborated testimony (which we have in this case) where the record indicates no sound reason for its rejection. See, Mart v. Hill, 505 So.2d 1120 (1987). Moreover, a trier of factRis not free to disregard substantial and credible independent evidence (such as the hospital records showing immediate and objective signs of injury) to deny a verdict in favor of a *714 litigant. See, Syrie v. Schilhab, 94-957 (La.App. 3 Cir. 3/27/96); 679 So.2d 143.
Much emphasis is placed on the inconsistencies and the testimony of the plaintiffs. However, in response to how the elevator was shaking, Mrs. Thomas answered:
Sir, I don’t remember if it was side to side. It was shaking. I mean, I really don’t — I can’t tell you exactly what it was doing. It was something frightening, but I can’t say it was — it was going from side to side or up or down. I can’t really say.
When defense counsel attempted to impeach her with her previous deposition testimony her response was:
Q. O.k. It was not up and down shaking, then?
A. No. I think it was mostly side — I can remember as far as I know.
The elevator expert retained by the plaintiffs did not contradict the testimony of the plaintiffs. Mrs. Thomas really didn’t know how the elevator was shaking. That certainly is reasonable in view of what was happening to them at the time. Furthermore, the expert unequivocally testified that, although he had no knowledge of who was negligent in not having the ceiling bolt in its proper place, the fact of the matter was that the ceiling retention bolt was not in its proper position. That was the cause of the ceiling coming out. No evidence was introduced to contradict this expert. The jury was manifestly erroneous to ignore this evidence.
• The majority states that “the jury was obviously swayed heavily by the fact that Harry [the plaintiff] suffers hallucinations as a result of paranoid schizophrenia. Based on [this] finding, the jury was obviously presented with twojjpermissible views of the evidence, and they chose to believe that the accident did not happen.” However, the psychiatrist testified that, in his opinion, this was not a hallucination. He also testified that if Harry imagined the accident, then his wife, Annie, also imagined it, which was very unlikely. Furthermore, it was very unusual for Harry’s hallucinations to be as specific as the ceiling tile falling down on him. The psychiatrist also testified that the psychiatric medicine would not be responsible for localized muscle spasms sustained by Harry. The response to psychiatiic medication is totally different and he never had a patient in 35 years to go to an orthopedist to be treated for the kind of muscle contraction that one gets with psychiatric medicine.
Two additional observations, one on strict liability and the other on res ipsa loquitur, are appropriate. The finding of an unreasonable risk of injury being subject to the manifest error standard of review is erroneous. Whether or not an item poses an unreasonable risk of injury is, in my view, a question of law. The trier of fact is responsible for examining the underlying facts, e.g., was the ceiling retention bolt in its proper position? Did the defendants have custody of the allegedly defective item? Were damages sustained? Once these facts are examined, then a reviewing court should apply the manifest error rule to these findings and then determine whether or not these facts are sufficient, as a matter of law, to satisfy a finding of unreasonableness.
The plaintiffs should also recover on the theory of res ipsa loquitur. The plaintiffs proved that: (1) the circumstances surrounding the accident were so unusual that, in the absence of other pertinent evidence (there was none) there is an inference of negligence; (2) the defendant had exclusive control over the thing causing the injury (they did); and, (3) the circumstances are such that the only | ¿reasonable and fair conclusion is that the accident was due to a breach of duty by the defendants (there was).
• For the foregoing reasons, I respectfully dissent.